UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CAPITOL INDEMNITY CORPORATION,

*Plaintiff,*

- against -

HEGEMONY, INC., TRISTATE MONEY ORDER, INC., MSM GROUP, INC., DIAMOND MONEY ORDER COMPANY, LLC, ACE HEGEMONY, INC., MICHAEL BLICHARSKI, HAN-YOUNG HUANG, KENNETH BLICHARSKI, STEPHEN BLICHARSKI, and MEIHWA LIN,

*Defendants.*

------------------------------------------------------------X

Case No. 2:26-cv-04415-GRB-ST

ANSWER AND COUNTERCLAIMS OF DEFENDANTS

Defendants Hegemony, Inc., Tristate Money Order, Inc., Diamond Money Order Company, LLC, Ace Hegemony, Inc., Michael Blicharski, and Han-Young Huang (collectively, the "Answering Defendants"), by and through their undersigned counsel, for their Answer and Counterclaims to the Complaint of Plaintiff Capitol Indemnity Corporation ("Capitol" or "Plaintiff"), respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. The Answering Defendants deny each and every allegation contained in the Complaint except as specifically admitted herein. The Answering Defendants specifically deny that they are liable to Capitol in any amount, jointly or severally, and deny that Capitol is entitled to the relief demanded. The Answering Defendants further deny that any General Indemnity Agreement ("GIA") is enforceable against them to the extent alleged, or at all, with respect to the losses claimed.

2. The Answering Defendants reserve all rights with respect to the parties' settlement discussions, including any incomplete or unexecuted settlement agreement, the preparation and submission of

sworn personal financial statements requested by Capitol, and the contemplated assignment of any recovery on the Answering Defendants' pending malpractice claim against their former attorney. Nothing in this Answer constitutes a waiver of any privilege, including the settlement privilege, or an admission of liability.

3. Upon information and belief, Capitol previously commenced an action in the Supreme Court of the State of New York, County of Nassau, Index No. 611971/2023, asserting substantially the same claims against the same parties. That action was discontinued without prejudice by stipulation dated October 27, 2025. Settlement discussions occurred in connection with the prior action, but no settlement agreement was ever fully executed or implemented.

4. The Answering Defendants further reserve the right to amend this Answer and Counterclaims as discovery proceeds, as additional facts become known, and upon review of the complete General Indemnity Agreement(s), Bonds, related documents, and information concerning prior owners, operators, and indemnitors of the money order business.

## RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

1. Admit that Capitol is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Middleton, Wisconsin.

2. Admit that Hegemony, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business at 221 Kensington Road, Garden City, New York.

3. Admit that Tristate Money Order, Inc. is a corporation organized and existing under the laws of the State of New York. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise principal place of business alleged in the Complaint and therefore deny the same.

4. Admit that MSM Group, Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business at 221 Kensington Road, Garden City, New York.

5. Admit that Diamond Money Order Company, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise principal place of business alleged and therefore deny the same.

6. Admit that Tristate Money Order, Inc. is a member of Diamond Money Order Company, LLC.

7. Admit that Ace Hegemony, Inc. is a corporation organized and existing under the laws of the State of New York. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise principal place of business alleged and therefore deny the same.

8. Admit that Michael Blicharski is a citizen of the State of New York. Admit that he resides or has resided at 221 Kensington Road, Garden City, New York.

9. Admit that Han-Young Huang is a citizen of the State of New York. Admit that he resides or has resided at 60 Oceana Drive West, Apt. 2B, Brooklyn, New York.

10. The Answering Defendants lack knowledge or information sufficient to form a belief as to the citizenship and residence of Kenneth Blicharski and therefore deny the allegations of paragraph 10.

11. The Answering Defendants lack knowledge or information sufficient to form a belief as to the citizenship and residence of Stephen Blicharski and therefore deny the allegations of paragraph 11.

12. The Answering Defendants lack knowledge or information sufficient to form a belief as to the citizenship and residence of Meihwa Lin and therefore deny the allegations of paragraph 12.

## **Jurisdiction and Venue**

13. Admit that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000 exclusive of interest and costs. Deny that Capitol is entitled to any recovery and deny the remaining allegations.

14. Admit that venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1).

**Relevant Facts**

15. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise timing, substance, or details of any request made to Capitol in February 2022 and therefore deny the allegations of paragraph 15.

16. Admit that certain of the Answering Defendants executed one or more indemnity agreements and amendments in favor of Capitol between approximately March 22, 2022, and August 31, 2022. Deny that the agreements were executed solely "to induce" Capitol, deny the characterization of the documents and the scope of the obligations as alleged, and refer to the documents themselves for their true, complete, and accurate terms. Upon information and belief, the Answering Defendants executed any such documents in reliance on Capitol's representations, duties, and reasonable expectation that Capitol had conducted, or would conduct, proper due diligence regarding the principal's ability to fund outstanding money orders and the status of any prior indemnity arrangements.

17. Admit that Capitol, as surety, executed the two Money Transmitter Bonds identified in paragraph 17 (Bond No. CIC1910935 in the penal sum of $1,000,000 for the Pennsylvania Department of Banking and Securities, and Bond No. CIC1910936 in the penal sum of $100,000 for the State of New Jersey). Deny the remaining allegations, including the characterization of reliance upon the General Indemnity Agreement and the obligations assumed by the Answering Defendants. Upon information and belief, Capitol issued the Bonds without adequately confirming

the existence of sufficient funds to cover outstanding money orders existing at or prior to the relevant closing or acquisition.

18. Deny, except to the extent the terms of the Bonds themselves provide. Refer to the Bonds for their true and complete terms.

19. Admit that an additional or consolidating General Indemnity Agreement was executed on or about November 15, 2022. Deny the remaining allegations and refer to the document for its true and complete terms.

20. Deny, except to the extent the applicable General Indemnity Agreement itself provides.

21. Deny, except to the extent section 4 of the applicable General Indemnity Agreement provides. Refer to the document for its true and complete terms, including any limitations, conditions precedent, or other provisions that may affect the scope of any indemnity obligation. Deny that any such provision is enforceable against the Answering Defendants with respect to the losses alleged herein.

22. Admit that on or about February 1, 2023, the Pennsylvania Department of Banking and Securities entered a Cease and Desist Order against Diamond Money Order Company, LLC.

23. Admit that the Cease and Desist Order contains certain findings regarding Diamond Money Order Company, LLC's ability to fund outstanding money orders. Deny that the findings are accurate in all respects, deny that they establish any liability of the Answering Defendants under the Bonds or the General Indemnity Agreement as alleged, and deny the remaining allegations. Upon information and belief, any shortfall in funds for outstanding money orders was attributable, in whole or in part, to actions of prior owners/operators and/or occurred prior to the Answering Defendants' involvement or execution of any GIA.

24. Admit that the Pennsylvania Department of Banking and Securities made claims against the Pennsylvania bond. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise nature, amount, validity, or proper characterization of each claim and therefore deny the remaining allegations.

25. Admit that the State of New Jersey has made claims against the New Jersey bond. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise nature, amount, validity, or proper characterization of each claim and therefore deny the remaining allegations.

26. Admit that on or about June 15, 2023, the Pennsylvania Department of Banking and Securities assessed a substantial fine against Diamond Money Order Company, LLC, Han-Young Huang, and Michael Blicharski. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise amount alleged ($151,830,000.00) and therefore deny the same.

27. Admit that the fine has not been paid in full by Diamond Money Order Company, LLC, Han-Young Huang, or Michael Blicharski.

28. Admit that the Pennsylvania Department of Banking and Securities sought to recover the fine from Capitol pursuant to the Pennsylvania bond. Deny the remaining allegations.

29. Admit that Capitol paid the entire $1,000,000.00 penal limit of the Pennsylvania bond to the Pennsylvania Department of Banking and Securities. Deny that the payment was required solely as a result of the claims alleged, deny that the payment establishes liability under the General Indemnity Agreement in the amounts claimed, deny that the Answering Defendants are liable therefor, and deny the remaining allegations.

30. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise amount paid by Capitol to the State of New Jersey ($6,536.00) and therefore deny the allegations of paragraph 30.

31. The Answering Defendants lack knowledge or information sufficient to form a belief as to any further losses under the New Jersey bond and therefore deny the allegations of paragraph 31.

**First Cause of Action**

32. The Answering Defendants repeat and reallege their responses to paragraphs 15 through 31 as if fully set forth herein.

33. Deny, except to the extent the applicable General Indemnity Agreement itself provides. Refer to the document for its true terms. Deny that any such agreement obligates the Answering Defendants as alleged.

34. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise total amount alleged ($1,006,536.00) and therefore deny the allegations of paragraph 34.

35. Admit that the Answering Defendants have not indemnified Capitol for the full amount demanded. Deny that any demand was "due," deny that any obligation has matured in the amounts alleged, and deny the remaining allegations.

36. Deny.

37. Deny.

**Second Cause of Action**

38. The Answering Defendants repeat and reallege their responses to paragraphs 15 through 31 as if fully set forth herein.

39. Deny, except to the extent the applicable General Indemnity Agreement itself provides.

40. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise total amount alleged and therefore deny the same.

41. Admit that the Answering Defendants have not indemnified Capitol for the full amount demanded. Deny that any demand was "due" or that any obligation has matured as alleged.

42. Deny.

43. The Answering Defendants lack knowledge or information sufficient to form a belief as to any additional amounts that Capitol may pay and therefore deny the allegations of paragraph 43.

44. Deny.

**Third Cause of Action**

45. The Answering Defendants repeat and reallege their responses to paragraphs 15 through 31 as if fully set forth herein.

46. Deny, except to the extent the applicable General Indemnity Agreement itself provides, including any limitations on the recovery of costs and attorney's fees.

47. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise amount of costs and expenses alleged ($51,463.52) and therefore deny the same.

48. Admit that the Answering Defendants have not indemnified Capitol for the full amount of costs and expenses demanded. Deny that any demand was "due" or that the amounts are recoverable as alleged.

49. Deny.

50. Deny.

**Fourth Cause of Action**

51. The Answering Defendants repeat and reallege their responses to paragraphs 15 through 31 as if fully set forth herein.

52. Deny, except to the extent the applicable General Indemnity Agreement itself provides.

53. The Answering Defendants lack knowledge or information sufficient to form a belief as to the precise amount of costs and expenses alleged and therefore deny the same.

54. Admit that the Answering Defendants have not indemnified Capitol for the full amount of costs and expenses demanded. Deny that any demand was "due" or that the amounts are recoverable as alleged.

55. The Answering Defendants lack knowledge or information sufficient to form a belief as to any additional costs and expenses that Capitol expects to incur and therefore deny the allegations of paragraph 55.

56. Deny.

WHEREFORE, the Answering Defendants demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Capitol's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Capitol failed to mitigate its alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Capitol's alleged losses were caused, in whole or in part, by the acts or omissions of third parties, including prior owners, operators, and indemnitors of the money order business (including Edward R. Yantes, Keith Yantes, Julie A. Yantes, Alycia J. Yantes, and Windsor Jewels of Pennsylvania, Inc. d/b/a Diamond Check Cashing & Diamond Money Order Company, LLC, collectively "Yantes" or the "Prior Parties"), the Pennsylvania Department of Banking and Securities and/or the State of New Jersey, or by Capitol's own conduct in the handling of the claims and/or its failure to conduct proper due diligence.

## FIFTH AFFIRMATIVE DEFENSE

The Answering Defendants are entitled to setoff, recoupment, or credit for any amounts recovered or recoverable from third parties, including the Prior Parties under any prior General Indemnity Agreement (including any agreement dated on or about January 3, 2011), and any recovery on the Answering Defendants' pending malpractice claim against their former attorney, which recovery the Answering Defendants have offered to assign to Capitol in the context of settlement discussions.

## SIXTH AFFIRMATIVE DEFENSE

Certain of the alleged obligations, if any exist, are not joint and several as to all Answering Defendants, or are limited by the terms of the applicable General Indemnity Agreement(s), including any limitations on the scope of indemnity, conditions precedent, notice requirements, or caps on liability.

## SEVENTH AFFIRMATIVE DEFENSE

Capitol's claims are barred or reduced by the express terms of the General Indemnity Agreement(s) themselves.

**EIGHTH AFFIRMATIVE DEFENSE**

Capitol has failed to satisfy conditions precedent to recovery under the General Indemnity Agreement(s).

**NINTH AFFIRMATIVE DEFENSE**

The Answering Defendants acted in good faith and in accordance with the terms of the applicable agreements.

**TENTH AFFIRMATIVE DEFENSE**

Capitol's recovery, if any, is limited to amounts that are reasonable, necessary, and properly incurred in connection with the Bonds.

**ELEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, any payments made on account of the Bonds are attributable to the actions of the Prior Parties (Yantes) while under their control, and/or to events occurring prior to the execution of any GIA by the Answering Defendants and the issuance of the Bonds.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff should seek recovery solely or primarily under the General Indemnity Agreement executed by the Prior Parties (Yantes) on or about January 3, 2011, and has failed to do so.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Failure to name necessary parties, including the Prior Parties (Yantes).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any losses suffered were due to Plaintiff's own negligence and lack of proper due diligence, including failure to confirm sufficient funds to cover outstanding money orders at the time of any relevant closing, acquisition, or issuance of the Bonds.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Fraudulent inducement. The Answering Defendants were induced to execute any GIA in reliance on the reasonable expectation and/or representations that Plaintiff would conduct proper due diligence regarding outstanding money orders and the financial condition of the principal prior to issuing the Bonds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Failure to mitigate damages, including by failing to first pursue recovery from the Prior Parties and their indemnitors.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Mutual mistake.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff knew or should have known at the time any indemnity agreement was executed that the Answering Defendants did not have the financial resources and ability to perform and provide collateral security in the event of a demand to do so, and/or that outstanding unfunded money orders existed.

**TWENTIETH AFFIRMATIVE DEFENSE**

Unconscionability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Upon information and belief, failure to comply with Plaintiff's own indemnity bonding policies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Assumption of the risk.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Capitol previously commenced an action in the Supreme Court of the State of New York, County of Nassau, Index No. 611971/2023, asserting substantially similar claims. That action was discontinued without prejudice by stipulation dated October 27, 2025. Settlement discussions occurred, but no settlement agreement was ever fully executed or implemented. Capitol's claims in this action are barred or limited, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or the course of dealing between the parties, including the prior litigation and incomplete settlement process. The Answering Defendants reserve all rights and privileges arising from the settlement discussions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Answering Defendants reserve all rights arising from the parties' settlement negotiations and the contemplated assignment of third-party recoveries.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Answering Defendants reserve the right to assert additional affirmative defenses as discovery proceeds and as additional facts become known.

## COUNTERCLAIMS

### AS AND FOR A FIRST COUNTERCLAIM

(Declaratory Judgment – Unenforceability of Indemnity Due to Failure of Due Diligence and Fraudulent Inducement)

57. The Answering Defendants repeat and reallege each and every response and allegation contained in the preceding paragraphs with the same force and effect as if set forth herein at length.

58. Upon information and belief, Plaintiff entered into a General Indemnity Agreement on or about January 3, 2011 with Windsor Jewels of Pennsylvania, Inc. d/b/a Diamond Check Cashing &

Diamond Money Order Company, LLC, executed by Edward R. Yantes, Julie A. Yantes, Keith B. Yantes, and Alycia J. Yantes as Indemnitors (the "Prior GIA").

59. Upon information and belief, certain of the co-defendants and/or related parties entered into a contract of sale or similar transaction with the Prior Parties for the purchase of their businesses and business assets related to the money order operations.

60. Upon information and belief, Plaintiff had a duty to the Answering Defendants (as prospective indemnitors and/or as parties expected to rely on the bonding process) to conduct proper due diligence prior to issuing the Money Transmitter Bonds.

61. Upon information and belief, at the time of the closing of the relevant transaction, there were outstanding money orders for which the Prior Parties (sellers) had been paid.

62. Upon information and belief, as part of its due diligence, Plaintiff should have confirmed that there were sufficient funds available to cover the outstanding money orders at the time of the closing prior to issuing the Bonds at issue in this action.

63. Upon information and belief, Plaintiff failed to conduct adequate due diligence.

64. Upon information and belief, Plaintiff issued the Bonds without confirming the existence of the funds to cover the outstanding money orders.

65. The Answering Defendants agreed to execute any GIA at issue in reliance that Plaintiff would have conducted, or had conducted, proper due diligence to protect itself and to ensure the Bonds were issued on a sound basis.

66. Upon information and belief the Answering Defendants had every reason to believe that Plaintiff would have used its business judgment and conducted the due diligence and ensured that the funds were in existence and set aside to cover the outstanding money orders.

67. Upon information and belief, the Answering Defendants were fraudulently induced by Plaintiff to execute the General Indemnity Agreement(s) at issue as indemnitors.

68. Upon information and belief, had the Answering Defendants known Plaintiff had not conducted adequate due diligence before providing the Bonds, they would not have agreed to be indemnitors and put their assets at risk.

69. Upon information and belief by reason of the foregoing and Plaintiff's conduct, cause exists to render the indemnity provisions of any GIA unenforceable as to the Answering Defendants.

70. The Answering Defendants are entitled to a declaratory judgment that the indemnity provisions of the GIA(s) are void and unenforceable as against them.

## AS AND FOR A SECOND COUNTERCLAIM

(Declaratory Judgment – Failure to Mitigate and Priority of Prior Indemnitors)

71. The Answering Defendants repeat and reallege each and every response and allegation contained in the preceding paragraphs with the same force and effect as if set forth herein at length.

72. Plaintiff had a duty to seek to mitigate damages.

73. Upon information and belief, the Prior Parties (sellers) in the relevant transaction collected the monies as to the outstanding money orders.

74. Upon information and belief, Plaintiff should have first looked to recover from the Prior Parties and the indemnitors under the Prior GIA and has failed to do so.

75. Upon information and belief by reason of the foregoing, cause exists to render the indemnity portion of any agreement void and unenforceable as to the Answering Defendants, or

alternatively to limit any recovery to amounts remaining after exhaustion of remedies against the Prior Parties.

76. The Answering Defendants are entitled to a declaratory judgment accordingly.

**AS AND FOR A THIRD COUNTERCLAIM**

(Declaratory Judgment – Plaintiff's Negligence)

77. The Answering Defendants repeat and reallege each and every response and allegation contained in the preceding paragraphs with the same force and effect as if set forth herein at length.

78. Upon information and belief any losses purportedly suffered by Plaintiff were the result of its own negligence and it should not now be heard to complain and seek recovery from the Answering Defendants.

79. Upon information and belief by reason of the foregoing, cause exists to render the indemnity portion of any agreement void and unenforceable as to the Answering Defendants.

80. The Answering Defendants are entitled to a declaratory judgment accordingly.

WHEREFORE, the Answering Defendants demand judgment as follows:

a. Dismissing the Complaint in its entirety;

b. On the First Counterclaim, declaring that the indemnity provisions of any General Indemnity Agreement are void and unenforceable as against the Answering Defendants;

c. On the Second Counterclaim, declaring that the indemnity provisions of any General Indemnity Agreement are void and unenforceable as against the Answering Defendants, or alternatively limiting any recovery;

d. On the Third Counterclaim, declaring that the indemnity provisions of any General Indemnity Agreement are void and unenforceable as against the Answering Defendants;

e. Awarding the Answering Defendants the costs and disbursements of this action; and

f. Granting such other, further, and different relief as to the Court may seem just and proper.

Dated: October 28, 2026

*Respectfully submitted,*

Steven Borofsky

Steven J. Borofsky, Esq.
1025 Old Country Road, Suite 410
Westbury, New York 11590
Telephone: (516) 427-5445
Email: borof3@verizon.net
*Attorney for Defendants Hegemony, Inc., Tristate Money Order, Inc., Diamond Money Order Company, LLC, Ace Hegemony, Inc., Michael Blicharski, and Han-Young Huang*