UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CAPITOL INDEMNITY CORPORATION

Planitiff

against

HEGEMONY, INC., TRISTATE MONEY ORDER, INC., MSM GROUP, INC., DIAMOND MONEY ORDER COMPANY, LLC, ACE HEGEMONY, INC., MICHAEL BLICHARSKI, HAN-YOUNG HUANG, KENNETH BLICHARSKI, STEPHEN BLICHARSKI and MEIHWA LIN,

Defendants

---

Case No. 26-cv-04415-GRB-ST

**VERIFIED ANSWER AND COUNTERCLAIMS**

The Defendants MSM Group, Inc., Kenneth Blicharski, Stephen Blicharski and Meihwa Lin ("Defendants" or"Blicharski") by and through their attorney, Harold M. Somer, PC, as and for their answer to Plaintiff's complaint, state as follows except as to those matters alleged to be upon information and belief which matters Defendants believe to be true:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1", "3", "5", "6", "7", "9", "15", "17", "18", "20", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "34", "40", "43", "47", "53" and "55" of the complaint.

2. Deny the allegations contained in paragraphs numbered "2", "4", "16", "19", "35", "36", "37", "41", "42", "44", "48", "49", "50", "54", and "56" of the complaint.

3. As to the allegations contained in paragraph numbered "8" of the complaint admit as to citizenship and otherwise deny the remainder of the allegations.

4. Admit the allegations contained in paragraph numbered "10" of the complaint.

5. As to the allegations contained in paragraphs numbered "11" and "12" of the complaint, admit as to being citizens fo the State of New York and otherwise deny as to the address of residence.

6. Neither admit or deny the the allegations contained in paragraphs numbered "13" and "14" of the complaint and leave it to the Court to determine if jurisdiction and venue are proper.

7. As to the allegations contained in paragraphs numbered "21, "33", "39", "46" and "52" of the complaint, neither admit or deny the allegations and respectfully refer the Court to said document as it speaks for itself.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

8. Upon information and belief, payments made on account of the bonds are attributable to the actions of Edward R. Yantes, Keith Yantes, Julie A. Yantes and Alycia J. Yantes and Windsor Jewels Of Pennsylvania, Inc. d/b/a Diamond Check Cashing & Diamond Money Order Company, LLC (collectively "Yantes") while under their control (collectively "Yantes").

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

9. Plaintiff should seek recovery solely under the General Indemnity Agreement executed by Yantes on or about January 3, 2011.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

10. Failure to name necessary parties.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

11. Assumption of the risk.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

12. Right of offset.

**AS AND FOR SIXTH AFFIRMATIVE DEFENSE**

13. Any losses suffered were due to Plaintiff's own negligence and lack of proper due diligence.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

14. Any events giving rise to the alleged payments and loses suffered by Plaintiff were not attributable to the Defendants and occurred prior to the execution of the indemnity agreement by the Defendants and the issuance of the bonds.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

15. Fraudulent inducement.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

16. Failure to mitigate damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

17. Failure to state a cause of action entitling Plaintiff to the relief sought in the complaint.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

18. Mutual mistake.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

19. Failure to name necessary parties.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

20. Unclean hands.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

21. Plaintiff knew or should have known at the time the indemnity agreement was executed that the Defendants did not have the financial resources and ability to perform and

provide collateral security in the event of a demand to do so.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiff knew or should have known at the time the indemnity agreement was executed that the Defendants did not have the financial resources and ability to perform and provide collateral security in the event of a demand to do so.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

23. Unconscionability.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

24. Upon information and belief, failure to comply with Plaintiff's own indemnity bonding policies.

**AS AND FOR A FIRST COUNTERCLAIM**

25. Defendants repeat and reallege each and every allegation contained in Paragraphs numbered "1" through "24" with the same force and effect as if set forth herein at length.

26. Plaintiff entered into a General Indemnity Agreement ("Agreement") in or about January 3, 2011 with the following : Windsor Jewels of Pennsylvania, Inc. d/b/a Diamond Check Cashing & Diamond Money Order.

27. The Agreement was executed by Edward R. Yantes, Julie A. Yantes, Keith B. Yantes and Alycia J. Yantes as Indemnitors.

28. The co-defendants herein entered into an contract of sale with aforementioned entities for the purchase of their businesses and business assets.

29. Upon information and belief, Plaintiff had a duty to the Defendants to conduct proper due diligence prior to issuing the Money Transmitter Bonds.

30. At the time of the closing of the transaction, there were outstanding money orders for which the Sellers had been paid.

31. Upon information and belief, as part of its due diligence, Plaintiff should have confirmed that there were sufficient funds available to cover the outstanding money orders at the time of the closing by the co-defendants and/or Sellers prior to issuing the bonds at issue in this action.

32. Upon information and belief, Plaintiff failed to conduct its due diligence.

33. Upon information and belief, Plaintiff issued the bonds to the co-defendants without confirming the existence of the funds to cover the outstanding money orders.

34. Defendants agreed to be and executed the General Indemnity Agreement at issue in reliance that Plaintiff would have conducted proper due diligence to protect itself.

35. Defendants had every reason to believe that Plaintiff would have used its business judgment and conducted the due diligence and ensured that the funds were in existence and set aside to cover the outstanding money orders.

36. Defendants were fraudulently induced by Plaintiff to execute the General Indemnity Agreement at issue as indemnitors.

37. Had Defendants known Plaintiff had not conducted its due diligence before providing the bonds they would not have agreed to be indemnitors and put their assets at risk.

38. By reason of the foregoing and Plaintiff's fraudulent conduct, cause exists to render the indemnity provision as to them unenforceable.

## AS AND FOR A SECOND COUNTERCLAIM

39. Defendants repeat and reallege each and every allegation contained in Paragraphs numbered "1" through "38" with the same force and effect as if set forth herein at length.

40. Plaintiff had a duty to seek to mitigate damages.

41. The Sellers in the transaction with the co-defendants collected the monies as to the outstanding money orders.

42. Upon information and belief, Plaintiff should have first looked to recover from Sellers and the indemnitors under their Agreement and have failed to do so.

43. By reason of the foregoing, cause exists to render the indemnity portion of the agreement void and unenforceable.

**AS AND FOR A THIRD COUNTERCLAIM**

44. Defendants repeat and reallege each and every allegation contained in Paragraphs numbered "1" through "43" with the same force and effect as if set forth herein at length.

45. Any losses purportedly suffered by Plaintiff were the result of its own negligence and it should not now be heard to complain and seek recovery from the Defendants.

46. By reason of the foregoing, cause exists to render the indemnity portion of the agreement void and unenforceable.

WHEREFORE, the Defendants demand judgment as follows:

a. dismissing the instant action in its entirety;

b. on the First Counterclaim, to render the indemnity portion of the agreement void and unenforceable;

c. on the Second Counterclaim, to render the indemnity portion of the agreement void and unenforceable

d. on the Third Counterclaim, to render the indemnity portion of the agreement void and unenforceable; and

e. such other, further and different relief as to the Court may seem just and proper.

Dated: October , 2026

HAROLD M. SOMER, PC
Attorney for the Defendants
MSM Group, Inc., Kenneth Blicharski,
Stephen Blicharski and Meihwa Lin

By:________________________
HAROLD M. SOMER, ESQ.
1025 Old Country Road, Ste. 404
Westbury, New York 11590
Tel. (516) 248-8962
Fax (516) 333-0654
haroldsomer@hsomerlaw.com

DECLARATION

Stephen Blicharski and Meihwa Lin hereby make this Declaration pursuant to 28. U.S.C. §1746 and declare that we are defendants in the action herein; we have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of our knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true.

Dated: October , 2026 ________________________

________________________

DECLARATION

Kenneth Blicharski hereby makes this Declaration pursuant to 28. U.S.C. §1746 and declares that I am a defendant in the action herein; I have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of my knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: October , 2026 ________________________

e. such other, further and different relief as to the Court may seem just and proper.

Dated: October , 2026

HAROLD M. SOMER, PC
Attorney for the Defendants
MSM Group, Inc., Kenneth Blicharski,
Stephen Blicharski and Meihwa Lin

By:______________________

HAROLD M. SOMER, ESQ.
1025 Old Country Road, Ste. 404
Westbury, New York 11590
Tel. (516) 248-8962
Fax (516) 333-0654
haroldsomer@hsomerlaw.com

DECLARATION

Stephen Blicharski and Meihwa Lin hereby make this Declaration pursuant to 28. U.S.C. §1746 and declare that we are defendants in the action herein; we have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of our knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true.

Dated: October 29, 2026

______________________

______________________

DECLARATION

Kenneth Blicharski hereby makes this Declaration pursuant to 28. U.S.C. §1746 and declares that I am a defendant in the action herein; I have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of my knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: October 29, 2026

______________________

e. such other, further and different relief as to the Court may seem just and proper.

Dated: October , 2026

HAROLD M. SOMER, PC
Attorney for the Defendants
MSM Group, Inc., Kenneth Blicharski,
Stephen Blicharski and Meihwa Lin

By:________________________

HAROLD M. SOMER, ESQ.
1025 Old Country Road, Ste. 404
Westbury, New York 11590
Tel. (516) 248-8962
Fax (516) 333-0654
haroldsomer@hsomerlaw.com

DECLARATION

Stephen Blicharski and Meihwa Lin hereby make this Declaration pursuant to 28. U.S.C. §1746 and declare that we are defendants in the action herein; we have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of our knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters we believe them to be true.

Dated: October , 2026 ________________________

________________________

DECLARATION

Kenneth Blicharski hereby makes this Declaration pursuant to 28. U.S.C. §1746 and declares that I am a defendant in the action herein; I have read the annexed Verified Answer and Counterclaims and know the contents thereof and the same is true to the best of my knowledge except for those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: October 29, 2026 ________________________