UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAPITOL INDEMNITY CORPORATION,

Plaintiff,

- against -

HEGEMONY, INC., TRISTATE MONEY ORDER, INC., MSM GROUP, INC., DIAMOND MONEY ORDER COMPANY, LLC, ACE HEGEMONY, INC., MICHAEL BLICHARSKI, HAN-YOUNG HUANG, KENNETH BLICHARSKI, STEPHEN BLICHARSKI, and MEIHWA LIN,

Defendants.
-------------------------------------------------------------X

**AMENDED COMPLAINT**

Case No.: 26-cv-04415-GRB-ST

**CAPITOL INDEMNITY CORPORATION** ("Capitol"), as and for its Complaint against Defendants, alleges as follows:

1. Capitol is a corporation organized and existing pursuant to the laws of the State of Wisconsin, with its principal of business in Middleton, Wisconsin.

2. Upon information and belief, defendant Hegemony, Inc., is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 221 Kensington Road, Garden City, New York.

3. Upon information and belief, defendant Tristate Money Order, Inc. ("Tristate"), is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 4034 Veterans Highway, Levittown, Pennsylvania.

4. Upon information and belief, defendant MSM Group, Inc., is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 221 Kensington Road, Garden City, New York.

5. Upon information and belief defendant Diamond Money Order Company, LLC, is a limited liability company organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business at 4034 Veterans Highway, Levittown, Pennsylvania.

6. Upon information and belief, Tristate is the member of Diamond Money Order.

7. Upon information and belief, defendant Ace Hegemony, Inc., is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 4034 Veterans Highway, Levittown, Pennsylvania.

8. Upon information and belief, defendant Michael Blicharski is a citizen of the State of New York, residing at 221 Kensington Road, Garden City, New York.

9. Upon information and belief, defendant Han-Young Huang is a citizen of the State of New York, residing at 60 Oceana Drive West, Apt. 2B, Brooklyn, New York.

10. Upon information and belief, defendant Kenneth Blicharski is a citizen of the State of New York, residing at 307 Wellington Road South, Garden City, New York.

11. Upon information and belief, defendant Stephen Blicharski is a citizen of the State of New York, residing at 221 Kensington Road, Garden City, New York.

12. Upon information and belief, defendant Meihwa Lin is a citizen of the State of New York, residing at 221 Kensington Road, Garden City, New York.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

14. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1), as multiple defendants reside in this district.

## RELEVANT FACTS

15. In February 2022, Capitol was asked to consider executing Money Transmitter Bonds, as surety, on behalf of Diamond Money Order, as principal, in Pennsylvania and New Jersey.

16. To induce Capitol to consider executing bonds on behalf of Diamond Money Order, between March 22, 2022, and August 31, 2022, Defendants executed a "General Indemnity Agreement" and various amendments in favor of Capitol.

17. Capitol, as surety, thereafter executed the following Money Transmitter Bonds on behalf of Diamond Money Order, as principal (collectively, "the Bonds"), in reliance upon, inter alia, the promises Defendants made and the obligations they assumed in the General Indemnity Agreement:

Bond No.: CIC1910935
Obligee: Pennsylvania Department of Banking and Securities
Penal Sum: $1,000,000.00
Date: September 2, 2022

Bond No.: CIC1910936
Obligee: State of New Jersey
Penal Sum: $100,000.00
Date: September 2, 2022.

18. The Bonds guarantee the payment of money orders issued by Diamond Money Order in Pennsylvania and New Jersey that Diamond Money Order cannot or does not pay, up to, in the aggregate, the penal sum of the Bonds, respectively.

19. On (or about) November 15, 2022, Defendants executed another General Indemnity Agreement in favor of Capitol, to combine the prior agreement and amendments into one document.

20. The General Indemnity Agreement applies to bonds already executed and bonds that Capitol may execute in the future.

21. In section 4 of the General Indemnity Agreement, Defendants agreed to "exonerate, reimburse, indemnify, and keep indemnified and hold harmless" Capitol from all losses, costs, and expenses that Capitol may incur as a result of having executed bonds on behalf of Diamond Money Order or in protecting and enforcing its rights under the General Indemnity Agreement.

22. On February 1, 2023, the Pennsylvania Department of Banking and Securities entered a Cease and Desist Order against Diamond Money Order.

23. According to the Cease and Desist Order, Diamond Money Order lacked sufficient funds to satisfy outstanding money orders that it issued.

24. The Pennsylvania Department of Banking and Securities made claims against the Pennsylvania bond for payment of money orders issued in Pennsylvania that Diamond Money Order was unable to pay.

25. The State of New Jersey has made claims against the New Jersey bond for payment of money orders issued in New Jersey that Diamond Money Order was unable to satisfy.

26. On (or about) June 15, 2023, the Pennsylvania Department of Banking and Securities assessed a fine against Diamond Money Order, Han-Young Huang, and Michael Blicharski of $151,830,000.00.

27. Upon information and belief, defendants Diamond Money Order, Han-Young Huang, and Michael Blicharski did not pay this fine or any portion thereof.

28. The Pennsylvania Department of Banking and Securities sought to recover the fine from Capitol pursuant to the Pennsylvania bond.

29. As a result of the various claims asserted against the Pennsylvania bond for unpaid money orders and the fine, Capitol paid the entire $1,000,000.00 penal limit of the Pennsylvania bond to the Pennsylvania Department of Banking and Securities.

30. As of the date of this Complaint, Capitol has paid $6,536.00 to the State of New Jersey in satisfaction of claims against the New Jersey bond.

31. Capitol may incur further losses under the New Jersey bond as a result of additional claims that the State of New Jersey has asserted.

## FIRST CAUSE OF ACTION

32. Capitol repeats and reasserts the allegations contained in paragraphs 15 through 31 with the same force and effect as if set forth at length.

33. In the General Indemnity Agreement, Defendants agreed to indemnify Capitol for all amounts that Capitol pays in satisfaction of any claim against the Bonds.

34. As of the date of this Complaint, Capitol has paid $1,006,536.00 to satisfy claims against the Bonds.

35. Defendants have not indemnified Capitol for any portion of this amount, despite due demand.

36. Defendants are in breach of the General Indemnity Agreement.

37. As a result of Defendants' breach of the General Indemnity Agreement, Capitol is entitled to judgment against them in the sum of $1,006,536.00.

**SECOND CAUSE OF ACTION**

38. Capitol repeats and reasserts the allegations contained in paragraphs 15 through 31 with the same force and effect as if set forth at length.

39. In the General Indemnity Agreement, Defendants agreed to indemnify Capitol for all amounts that Capitol pays in satisfaction of any claim against the Bonds.

40. As of the date of this Complaint, Capitol has paid $1,006,536.00 to satisfy claims against the Bonds.

41. Defendants have not indemnified Capitol for any portion of this amount, despite due demand.

42. Defendants are in breach of the General Indemnity Agreement.

43. Capitol may pay additional amounts to satisfy claims against the Bonds.

44. As a result of Defendants' breach of the General Indemnity Agreement, Capitol is entitled to judgment against Defendants in the amount of all payments made to satisfy claims against the Bonds, which amount is to be determined.

## THIRD CAUSE OF ACTION

45. Capitol repeats and reasserts the allegations contained in paragraphs 15 through 31 with the same force and effect as if set forth at length.

46. In the General Indemnity Agreement, Defendants agreed to indemnify Capitol for all costs and expenses, including attorney's fees, that Capitol pays as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement.

47. As of the date of this Complaint, Capitol has paid $51,463.52 in costs and expenses as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement.

48. Defendants have not indemnified Capitol for any portion of this amount, despite due demand.

49. Defendants are in breach of the General Indemnity Agreement.

50. As a result of Defendants' breach of the General Indemnity Agreement, Capitol is entitled to judgment against them in the sum of $51,463.52.

## FOURTH CAUSE OF ACTION

51. Capitol repeats and reasserts the allegations contained in paragraphs 15 through 31 with the same force and effect as if set forth at length.

52. In the General Indemnity Agreement, Defendants agreed to indemnify Capitol for all costs and expenses, including (but not limited to) attorney's fees, that Capitol pays as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement.

53. As of the date of this Complaint, Capitol has paid $51,463.52 in costs and expenses as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement.

54. Defendants have not indemnified Capitol for any portion of this amount, despite due demand.

55. Capitol expects to incur additional costs and expenses as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement.

56. As a result of Defendants' breach of the General Indemnity Agreement, Capitol is entitled to judgment against Defendants in the amount of all costs and expenses that it pays as a result of having executed the Bonds and in protecting and enforcing its rights under the General Indemnity Agreement, which amount is to be determined.

**WHEREFORE,** Capitol demands judgment against Defendants, jointly and severally, as follows:

(a) on the First Cause of Action, in the sum of $1,006,536.00;

(b) on the Second Cause of Action, in the amount of all payments that Capitol makes to satisfy claims against the Bonds, which amount is to be determined;

(c) on the Third Cause of Action, in the sum of $51,463.52;

(d) on the Fourth Cause of Action, in the amount of all costs and expenses that Capitol pays as a result of having executed the Bonds and in protecting and

enforcing its rights under the General Indemnity Agreement, which amount is to be determined;

(e) all of the above with interest, costs, and disbursements; and

(f) awarding Capitol such other and further relief as the Court deems just and proper.

Dated: November 17, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Plaintiff
*Capitol Indemnity Corporation*

By: *__/s Adam P. Friedman__*
Adam P. Friedman

11 Times Square, 34th Floor
New York, New York 10036
(212) 973-0572