UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAPITOL INDEMNITY CORPORATION,

Plaintiff,

- against -

HEGEMONY, INC., TRISTATE MONEY ORDER, INC., MSM GROUP, INC., DIAMOND MONEY ORDER COMPANY, LLC, ACE HEGEMONY, INC., MICHAEL BLICHARSKI, HAN-YOUNG HUANG, KENNETH BLICHARSKI, STEPHEN BLICHARSKI, and MEIHWA LIN,

Defendants.
-------------------------------------------------------------X

**REPLY TO COUNTERCLAIMS**

Case No.: 26-cv-04415-GRB-ST

The plaintiff, **CAPITOL INDEMNITY CORPORATION** ("Capitol"), replies to the Counterclaims asserted by defendants MSM Group, Inc., Kenneth Blicharski, Stephen Blicharski, and Meihwa Lin, as follows:

## ANSWERING THE FIRST COUNTERCLAIM

1. Capitol denies the allegations contained in paragraph 26 except that it admits that, on or about January 3, 2011, Windsor Jewels of Pennsylvania, Inc. d/b/a Diamond Check Cashing executed a General Indemnity Agreement in Capitol's favor.

2. Capitol admits the allegations contained in paragraph 27.

3. Capitol admits the allegations contained in paragraph 28, upon information and belief.

4. Capitol denies the allegations contained in paragraph 29 and begs leave to refer all questions of law to the Court.

5. Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

6. Capitol denies the allegations contained in paragraph 31 and begs leave to refer all questions of law to the Court.

7. Capitol denies the allegations contained in paragraph 32 and begs leave to refer all questions of law to the Court.

8. Capitol denies the allegations contained in paragraph 33 and begs leave to refer all questions of law to the Court.

9. Capitol denies the allegations contained in paragraph 34.

10. Capitol denies the allegations contained in paragraph 35.

11. Capitol denies the allegations contained in paragraph 36 and begs leave to refer all questions of law to the Court.

12. Capitol denies the allegations contained in paragraph 37.

13. Capitol denies the allegations contained in paragraph 38 and begs leave to refer all questions of law to the Court.

## ANSWERING THE SECOND COUNTERCLAIM

14. Capitol repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

15. Capitol denies the allegations contained in paragraph 40 and begs leave to refer all questions of law to the Court.

16. Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

17. Capitol denies the allegations contained in paragraph 42 and begs leave to refer all questions of law to the Court.

18. Capitol denies the allegations contained in paragraph 43 and begs leave to refer all questions of law to the Court.

## ANSWERING THE THIRD COUNTERCLAIM

19. Capitol repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

20. Capitol denies the allegations contained in paragraph 45 and begs leave to refer all questions of law to the Court.

21. Capitol denies the allegations contained in paragraph 46 and begs leave to refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The First Counterclaim must be dismissed because it is not pleaded with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

The Second Counterclaim must be dismissed because section 16 of the General Indemnity Agreement that Defendants executed in Capitol's favor says:

> **Non-Impairment Of Indemnitors' Obligations** – The obligations of the Indemnitors under this Agreement shall not be impaired by, and [Capitol] shall incur no liability on account of: (a) [Capitol's] taking, failure to take, or release of security, collateral, assignment, other indemnity agreements and the like; (b) the release by [Capitol], on

> terms satisfactory to it, of any Indemnitors; and/or (c) [Capitol's] enforcement or non-enforcement of any right or cause of action against any Indemnitor or other Person.

### FOURTH AFFIRMATIVE DEFENSE

The Second Counterclaim must be dismissed because section 19 of the General Indemnity Agreement that Defendants executed in Capitol's favor says, in pertinent part:

> **[Capitol's] Rights Are Cumulative** – Indemnitors shall continue to remain bound under the terms of this Agreement even though [Capitol] may have from time to time heretofore or hereafter, with or without notice to or knowledge of Indemnitors, accepted other agreements of indemnity or collateral, it being expressly understood and agreed that any and all other rights which [Capitol] may have or acquire with respect to Indemnitors and/or others under this Agreement and any such other or additional agreements of indemnity, collateral or rights shall be cumulative and in addition to, not in lieu of, the rights afforded [Capitol] under this Agreement. . . . In addition, no failure or delay by [Capitol] in seeking to enforce any right shall be deemed a waiver of that right, nor any other right which [Capitol] is or may become entitled to enforce.

Dated: November 21, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Plaintiff
*Capitol Indemnity Corporation*

By: *<u>/s Adam P. Friedman</u>*
Adam P. Friedman

11 Times Square, 34th Floor
New York, New York 10036
(212) 973-0572