UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAPITOL INDEMNITY CORPORATION,

Plaintiff,

- against -

HEGEMONY, INC., TRISTATE MONEY ORDER, INC., MSM GROUP, INC., DIAMOND MONEY ORDER COMPANY, LLC, ACE HEGEMONY, INC., MICHAEL BLICHARSKI, HAN-YOUNG HUANG, KENNETH BLICHARSKI, STEPHEN BLICHARSKI, and MEIHWA LIN,

Defendants.
------------------------------------------------------------X

**REPLY TO COUNTERCLAIMS**

Case No.: 26-cv-04415-GRB-ST

The plaintiff, **CAPITOL INDEMNITY CORPORATION** ("Capitol"), replies to the Counterclaims asserted by defendants Hegemony, Inc., Tristate Money Order, Inc., Diamond Money Order Company, LLC, Ace Hegemony, Inc., Michael Blicharski, and Han-Young Huang as follows:

## ANSWERING THE FIRST COUNTERCLAIM

1. Capitol denies the allegations contained in paragraph 58 except that it admits that, on or about January 3, 2011, Windsor Jewels of Pennsylvania, Inc. d/b/a Diamond Check Cashing, Diamond Money Order Company, LLC, Edward R. Yantes, Julie A. Yantes, Keith B. Yantes, and Alycia J. Yantes executed a General Indemnity Agreement in Capitol's favor.

2. Capitol admits the allegations contained in paragraph 59, upon information and belief.

3. Capitol denies the allegations contained in paragraph 60 and begs leave to refer all questions of law to the Court.

4. Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

5. Capitol denies the allegations contained in paragraph 62 and begs leave to refer all questions of law to the Court.

6. Capitol denies the allegations contained in paragraph 63 and begs leave to refer all questions of law to the Court.

7. Capitol denies the allegations contained in paragraph 64 and begs leave to refer all questions of law to the Court.

8. Capitol denies the allegations contained in paragraph 65.

9. Capitol denies the allegations contained in paragraph 66.

10. Capitol denies the allegations contained in paragraph 67 and begs leave to refer all questions of law to the Court.

11. Capitol denies the allegations contained in paragraph 68.

12. Capitol denies the allegations contained in paragraph 69 and begs leave to refer all questions of law to the Court.

13. Capitol denies the allegations contained in paragraph 70 and begs leave to refer all questions of law to the Court.

## ANSWERING THE SECOND COUNTERCLAIM

14. Capitol repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

15. Capitol denies the allegations contained in paragraph 72 and begs leave to refer all questions of law to the Court.

16. Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

17. Capitol denies the allegations contained in paragraph 74 and begs leave to refer all questions of law to the Court.

18. Capitol denies the allegations contained in paragraph 75 and begs leave to refer all questions of law to the Court.

19. Capitol denies the allegations contained in paragraph 76 and begs leave to refer all questions of law to the Court.

## ANSWERING THE THIRD COUNTERCLAIM

20. Capitol repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

21. Capitol denies the allegations contained in paragraph 78 and begs leave to refer all questions of law to the Court.

22. Capitol denies the allegations contained in paragraph 79 and begs leave to refer all questions of law to the Court.

23. Capitol denies the allegations contained in paragraph 80 and begs leave to refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.



CHIESA SHAHINIAN & GIANTOMASI PC ▪ 11 Times Square, 34th Floor ▪ New York, New York 10036 ▪ (212) 973-0572

## SECOND AFFIRMATIVE DEFENSE

The First Counterclaim must be dismissed because it is not pleaded with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

The Second Counterclaim must be dismissed because section 16 of the General Indemnity Agreement that Defendants executed in Capitol's favor says:

> **Non-Impairment Of Indemnitors' Obligations** – The obligations of the Indemnitors under this Agreement shall not be impaired by, and [Capitol] shall incur no liability on account of: (a) [Capitol's] taking, failure to take, or release of security, collateral, assignment, other indemnity agreements and the like; (b) the release by [Capitol], on terms satisfactory to it, of any Indemnitors; and/or (c) [Capitol's] enforcement or non-enforcement of any right or cause of action against any Indemnitor or other Person.

## FOURTH AFFIRMATIVE DEFENSE

The Second Counterclaim must be dismissed because section 19 of the General Indemnity Agreement that Defendants executed in Capitol's favor says, in pertinent part:

> **[Capitol's] Rights Are Cumulative** – Indemnitors shall continue to remain bound under the terms of this Agreement even though [Capitol] may have from time to time heretofore or hereafter, with or without notice to or knowledge of Indemnitors, accepted other agreements of indemnity or collateral, it being expressly understood and agreed that any and all other rights which [Capitol] may have or acquire with respect to Indemnitors and/or others under this Agreement and any such other or additional agreements of indemnity, collateral or rights shall be cumulative and in addition to, not in lieu of, the rights afforded [Capitol] under this Agreement. . . . In addition, no failure or delay by [Capitol] in seeking to enforce any

right shall be deemed a waiver of that right, nor any other right which [Capitol] is or may become entitled to enforce.

Dated: November 21, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Plaintiff
*Capitol Indemnity Corporation*

By: *_/s Adam P. Friedman_*
Adam P. Friedman

11 Times Square, 34th Floor
New York, New York 10036
(212) 973-0572